UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:22-cv-00147-LLK

THOMAS M.                                                                                                         PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Plaintiff's memorandum in support of fact/law summary is at Doc. 11-1, and the Commissioner's response in opposition is at Doc. 13. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 8].

Plaintiff makes three arguments. [Doc. 11-1]. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On May 18, 2021, the ALJ issued the Commissioner's final decision, which found that Plaintiff was not disabled from June 14, 2019, when he alleges that he became disabled, through May 18, 2021. [Administrative Record, Doc. 7 at 14-24].

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 14, 2019, when he alleges that he became disabled. *Id.* at 16.

1

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease status post revision of L5 vertebral fracture, type two diabetes, and obesity. *Id.* at 17.

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his impairments, Plaintiff can:

> … perform light work as defined in 20 CFR 404.1567(b) except he could stand, sit, and walk each up to 30 minutes at a time, for a total of up to six hours each in an eight hour workday with normal breaks … could occasionally stoop, kneel, crouch, crawl, and climb ramps/stairs … should never climb ladders, ropes, or scaffolds … should never be exposed to unprotected heights or dangerous machinery … should avoid concentrated exposure to vibrations … is able to use an assistive device for ambulation.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 22.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, light jobs in the national economy such as general office helper, information clerk, photocopy/scanner operator. *Id.* at 24.

### Plaintiff obtained an independent medical examination (IME) and a functional capacity evaluation (FCE) in connection with his claim for Kentucky workers' compensation benefits.

On June 14, 2019, Plaintiff experienced a burst fracture of the fifth lumbar vertebra (L5) while working as a heavy equipment operator for Warren Paving. [Doc. 7 at 1588].

On June 17, 2019, neurosurgeon Jonathan Couch, M.D., performed a decompressive lumbar laminectomy at L4-5 with placement of percutaneous pedicle screws at the L3, L4, and S1 levels. *Id.* at 1589.

On May 20, 2020, in support of his Kentucky workers' compensation claim, Plaintiff submitted to an independent medical examination (IME) by Tarek Elalayli, M.D.  *Id.* at 1162.  Dr. Elalayli opined that "[b]ased on [American Medical Association] AMA guidelines, … patient would be … entitled to a 25% permanent impairment."  *Id.* at 1163.  Dr. Elalayli opined that a "functional capacity evaluation [FCE] could be helpful in regards to specific restrictions."  *Id.*

On July 21, 2020, a registered and licensed occupational therapy, Tiffany Roberts, performed an FCE.  *Id.* at 1593.  Ms. Roberts specified that the "purpose of this Job Specific Functional Capacity Evaluation is to determine Mr. Milan's functional abilities as they relate to the essential physical demands of his job as Offroad Truck Operator."  *Id.* at 1596.  Ms. Roberts concluded that Plaintiff "demonstrated the ability to perform 51.8% of the physical demands of his job as an Off-Road Truck Operator."  *Id.* at 1593.  Additionally, Ms. Roberts opined that "[p]er Dr. Jonathan Couch's office with records from 6/23/2020 [Plaintiff] is not to exert more than 20# [20 pounds], he should alternate sitting and standing every 30 minutes" and that Plaintiff has an RFC for sedentary work.  *Id.* at 1593, 1598.

On November 11, 2020, Dr. Couch removed some of the screws and other surgical hardware he placed in Plaintiff's back on June 17, 2019.  *Id.* at 1415.

On January 20, 2021, Plaintiff returned to Dr. Elalayli for an updated IME.  *Id.* at 1588.  Dr. Elalayli reiterated his opinion that Plaintiff suffered a "25% whole body impairment."  *Id.* at 1589.  Dr. Elalyli adopted as "permanent" the "restrictions specified in the FCE" from Ms. Roberts.  *Id.*

**Discussion**

Plaintiff's principal argument is that the ALJ erred in discounting Ms. Roberts' FCE and Dr. Elalayli's IME.  [Doc. 11-1].  As detailed above, these opinions were given in connection with Plaintiff's Kentucky workers' compensation claim.

The argument is unpersuasive for two reasons.

3

First, the Sixth Circuit has observed that Ohio's workers' compensation system has a "different, less restrictive standard of disability than the [Social Security] Agency." *Bayes v. Comm'r of Soc. Sec.*, 757 Fed. Appx., 436, 437 (6th Cir. 2018). Thus, if a Social Security ALJ reasons that an opinion based on the Ohio standard is not compelling evidence in a Social Security disability claim, such reasoning "involves neither legal nor factual error, and is not grounds for a remand." *Tillman v. Comm'r*, No. 1:19-CV-02810, 2021 WL 1176787, at *3 (N.D. Ohio Mar. 29, 2021) (citing *Bayes*).

Similarly, the "standards for determining disability in a social security claim are very different from the standards for determining occupational disability under Kentucky Workers' Compensation law." *Clemons v. Boyd Brock Const.*, No. 2003-SC-0207-WC, 2004 WL 536276, at *3 (Ky. Mar. 18, 2004). Thus, in light of these "completely different" standards, a Social Security ALJ need not explicitly weigh findings in a "one-time examination [that] was conducted exclusively in connection with [a Kentucky] workers' compensation claim." *Cook v. Comm'r*, No. CV 7: 19-119-DCR, 2020 WL 3268534, at *6 (E.D. Ky. June 17, 2020).

Second, to the extent the ALJ was required to weigh the opinions of Ms. Roberts and Dr. Elalayli explicitly, the reasons given by the ALJ for discounting these opinions were sound. Specifically, the ALJ found Ms. Roberts' FCE to be "less persuasive" because it focused on "comparison of [Plaintiff's] past relevant work and his current abilities." [Doc. 7 at 21]. The ALJ found that, while this may have been appropriate for workers' compensation purposes, the focus of Plaintiff's Social Security disability claim is whether "other work … may be available," which "could be classified as between the light and sedentary exertional levels." *Id.* Additionally, the ALJ found that limiting Plaintiff to sedentary work is at odds with Dr. Crouch's records, which indicate that Plaintiff "can continue lifting 20 lbs., however, may increase slowly as tolerated." *Id.* at 21, 457. The ALJ found, Dr. Elalayli's opinion to be "less persuasive" because it was based on Ms. Roberts' FCE, which the ALJ had already discounted, and because Dr. Elalayli's opinion

was given just "two months after [Plaintiff's] surgery for hardware removal," when Plaintiff was reporting improvement of symptoms. *Id.*

Plaintiff's second argument (by way of suggestion) is that "Ms. Roberts knows how an FCE should be conducted to arrive at a reliable opinion on [Plaintiff's] work abilities; the ALJ does not." [Doc. 11-1 at PageID.1657]. To the extent the argument is that Ms. Roberts was in a better position than the ALJ to determine Plaintiff's RFC, the argument is unpersuasive. The determination of a claimant's RFC is based on "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545. The ALJ is "responsible for assessing your [RFC]." 20 C.F.R. § 404.1546.

Plaintiff's third and final argument is that Ms. Roberts' opinion that Plaintiff has an RFC for sedentary work was based on her "expertise" and "clinical observations," which "did not reveal that [Plaintiff] could perform light work or a mix of light and sedentary work; no, it showed that [he] can perform sedentary work." [Doc. 11-1 at PageID.1656-57]. The argument is unpersuasive because, for the reasons detailed below, Ms. Roberts' FCE reveals little objective basis for strictly limiting Plaintiff to sedentary as opposed to light work.

One fundamental difference between sedentary and light work is that the full range of sedentary work requires 6 hours of sitting per 8-hour workday (with standing/walking during the remaining 2 hours), and light work generally requires 6 hours of standing/walking per 8-hour workday (with sitting during the remaining time). Social Security Ruling (SSR) 83-10, 1983 WL 31251. Ms. Roberts found that Plaintiff "should alternate sitting and standing every 30 minutes." [Doc. 7 at 1598]. This finding lay outside the requirements of the full range of either sedentary or light work. Nor was the finding based on Ms. Roberts' "expertise" and "observations." On the contrary, Ms. Roberts indicated that she was simply adopting it "[p]er Dr. Jonathan Couch's office with records from 6/23/2020." *Id.*

Another fundamental difference between sedentary and light work is that the full range of sedentary work requires "lifting no more than 10 pounds at a time and occasionally lifting or carrying

articles like docket files, ledgers, and small tools," and light work generally requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  SSR 83-10.  Ms. Roberts found that "[p]er Dr. Jonathan Couch's office with records from 6/23/2020 [Plaintiff] is not to exert more than 20" pounds.  [Doc. 7 at 1598].  This finding lay outside the requirements of the full range of either sedentary or light work and was not based on Ms. Roberts' "expertise" and "observations."

## Order

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 24, 2023

Lanny King, Magistrate Judge
United States District Court